1  Nathan A. Oyster (SBN 225307)
   E-mail: noyster@bwslaw.com
2  Christopher T. Kim (SBN 279214)
   E-mail: ckim@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA  90071-2953
   Tel: 213.236.0600
5  Fax: 213.236.2700

6  Attorneys for Defendants
   City of Alhambra, David Munson, Bill Rongavilla,
7  Grant Spencer, and Ruben Soriano

8
                  **UNITED STATES DISTRICT COURT**
9
                  **CENTRAL DISTRICT OF CALIFORNIA**
10

11

| | |
|---|---|
| JOHN LARE, | Case No.  2:15-cv-01321-CAS (GJSx) |
| Plaintiff, | **DISCOVERY MATTER** |
| v. | **PROTECTIVE ORDER** |
| CITY OF ALHAMBRA; DAVID MUNSON; RUSSELL RONGAVILLA; GRANT SPENCER; RUBEN SORIANO; and DOES 1-10, inclusive, | Hon. Gail J. Standish |
| Defendants. | |

18

19  **1.    INTRODUCTION**

20        **A.    PURPOSES AND LIMITATIONS**

21        Discovery in this action is likely to involve production of confidential,

22  proprietary, or private information for which special protection from public

23  disclosure and from use for any purpose other than prosecuting this litigation may

24  be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to

25  enter the following Stipulated Protective Order.  The Parties acknowledge that this

26  Order does not confer blanket protections on all disclosures or responses to

27  discovery and that the protection it affords from public disclosure and use extends

28  only to the limited information or items that are entitled to confidential treatment

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1   under the applicable legal principles.  The Parties further acknowledge, as set forth

2   in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

3   file confidential information under seal; Civil Local Rule 79-5 sets forth the

4   procedures that must be followed and the standards that will be applied when a

5   Party seeks permission from the court to file material under seal.

6        **B.      GOOD CAUSE STATEMENT**

7        This action is likely to involve the production of peace officer personnel

8   materials, including but not limited to citizen complaints and internal affairs

9   investigation materials for which special protection from public disclosure and from

10  use for any purpose other than prosecution of this action is warranted.  Such

11  confidential and proprietary materials and information consist of, among other

12  things, information otherwise generally unavailable to the public, or which may be

13  privileged or otherwise protected from disclosure under state or federal statutes,

14  court rules, case decisions, or common law.  Accordingly, to expedite the flow of

15  information, to facilitate the prompt resolution of disputes over confidentiality of

16  discovery materials, to adequately protect information the parties are entitled to

17  keep confidential, to ensure that the parties are permitted reasonable necessary uses

18  of such material in preparation for and in the conduct of trial, to address their

19  handling at the end of the litigation, and serve the ends of justice, a protective order

20  for such information is justified in this matter.  It is the intent of the parties that

21  information will not be designated as confidential for tactical reasons and that

22  nothing be so designated without a good faith belief that it has been maintained in a

23  confidential, non-public manner, and there is good cause why it should not be part

24  of the public record of this case.

25  **2.      DEFINITIONS**

26       **2.1**    Action: the above-captioned lawsuit of *John Lare v. City of Alhambra,*

27  *et al.*, USDC Case No. 2:15-cv-01321-CAS-RZ.

28       **2.2**    Challenging Party: a Party or Non-Party that challenges the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1                    - 2 -                    CASE NO.  2:15-CV-01321-CAS (GJSx)
                                                                 [~~PROPOSED~~] PROTECTIVE ORDER

1    designation of information or items under this Order.

2        **2.3**    "CONFIDENTIAL" Information or Items: information (regardless of

3    how it is generated, stored or maintained) or tangible things that qualify for

4    protection under Federal Rule of Civil Procedure 26(c), and as specified above in

5    the Good Cause Statement.

6        **2.4**    Counsel: Outside Counsel of Record and House Counsel (as well as

7    their support staff).

8        **2.5**    Designating Party: a Party or Non-Party that designates information or

9    items that it produces in disclosures or in responses to discovery as

10    "CONFIDENTIAL."

11        **2.6**    Disclosure or Discovery Material: all items or information, regardless

12    of the medium or manner in which it is generated, stored, or maintained (including,

13    among other things, testimony, transcripts, and tangible things), that are produced

14    or generated in disclosures or responses to discovery in this matter.

15        **2.7**    Expert: a person with specialized knowledge or experience in a matter

16    pertinent to the litigation who has been retained by a Party or its counsel to serve as

17    an expert witness or as a consultant in this Action.

18        **2.8**    House Counsel: attorneys who are employees of a party to this Action.

19    House Counsel does not include Outside Counsel of Record or any other outside

20    counsel.

21        **2.9**    Non-Party: any natural person, partnership, corporation, association, or

22    other legal entity not named as a Party to this action.

23        **2.10**    Outside Counsel of Record: attorneys who are not employees of a

24    party to this Action but are retained to represent or advise a party to this Action and

25    have appeared in this Action on behalf of that party or are affiliated with a law firm

26    which has appeared on behalf of that party, and includes support staff.

27        **2.11**    Party: any party to this Action, including all of its officers, directors,

28    employees, consultants, retained experts, and Outside Counsel of Record (and their

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1                    - 3 -                    CASE NO.  2:15-CV-01321-CAS (GJSx)
[PROPOSED] PROTECTIVE ORDER

1  support staffs).

2  **2.12**  Producing Party: a Party or Non-Party that produces Disclosure or

3  Discovery Material in this Action.

4  **2.13**  Professional Vendors: persons or entities that provide litigation

5  support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

6  demonstrations, and organizing, storing, or retrieving data in any form or medium)

7  and their employees and subcontractors.

8  **2.14**  Protected Material: any Disclosure or Discovery Material that is

9  designated as "CONFIDENTIAL."

10  **2.15**  Receiving Party: a Party that receives Disclosure or Discovery

11  Material from a Producing Party.

12  **3.**    **SCOPE**

13  The protections conferred by this Stipulation and Order cover not only

14  Protected Material (as defined above), but also (1) any information copied or

15  extracted from Protected Material; (2) all copies, excerpts, summaries, or

16  compilations of Protected Material; and (3) any testimony, conversations, or

17  presentations by Parties or their Counsel that reveal Protected Material.

18  Any use of Protected Material at trial shall be governed by the orders of the

19  trial judge. This Order does not govern the use of Protected Material at trial.

20  **4.**    **DURATION**

21  Even after final disposition of this litigation, the confidentiality obligations

22  imposed by this Order shall remain in effect until a Designating Party agrees

23  otherwise in writing or a court order otherwise directs.  Final disposition shall be

24  deemed to be the later of (1) dismissal of all claims and defenses in this Action,

25  with or without prejudice; and (2) final judgment herein after the completion and

26  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

27  including the time limits for filing any motions or applications for extension of time

28  pursuant to applicable law.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1                        - 4 -                        CASE NO.  2:15-CV-01321-CAS (GJSX)
[~~PROPOSED~~] PROTECTIVE ORDER

**5.     DESIGNATING PROTECTED MATERIAL**

**5.1**     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**5.2**     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1                  - 5 -                  CASE NO.  2:15-CV-01321-CAS (GJSX)
[PROPOSED] PROTECTIVE ORDER

1   qualifies for protection, the Producing Party also must clearly identify the protected

2   portion(s) (*e.g.*, by making appropriate markings in the margins).

3        A Party or Non-Party that makes original documents available for inspection

4   need not designate them for protection until after the inspecting Party has indicated

5   which documents it would like copied and produced.  During the inspection and

6   before the designation, all of the material made available for inspection shall be

7   deemed "CONFIDENTIAL."  After the inspecting Party has identified the

8   documents it wants copied and produced, the Producing Party must determine

9   which documents, or portions thereof, qualify for protection under this Order.

10  Then, before producing the specified documents, the Producing Party must affix the

11  "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a

12  portion or portions of the material on a page qualifies for protection, the Producing

13  Party also must clearly identify the protected portion(s) (*e.g.*, by making

14  appropriate markings in the margins).

15            (b)     for testimony given in depositions that the Designating Party

16  identify the Disclosure or Discovery Material of all protected testimony on the

17  record, before the close of the deposition.

18            (c)     for information produced in some form other than documentary

19  and for any other tangible items, that the Producing Party affix in a prominent place

20  on the exterior of the container or containers in which the information is stored the

21  legend "CONFIDENTIAL."  If only a portion or portions of the information

22  warrants protection, the Producing Party, to the extent practicable, shall identify the

23  protected portion(s).

24       **5.3**   Inadvertent Failures to Designate.  If timely corrected, an inadvertent

25  failure to designate qualified information or items does not, standing alone, waive

26  the Designating Party's right to secure protection under this Order for such

27  material.  Upon timely correction of a designation, the Receiving Party must make

28  reasonable efforts to assure that the material is treated in accordance with the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1                        - 6 -                    CASE NO.  2:15-CV-01321-CAS (GJSx)
                                                                          [PROPOSED] PROTECTIVE ORDER

1   provisions of this Order.

2   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

3          **6.1**    Timing of Challenges.  Any Party or Non-Party may challenge a

4   designation of confidentiality at any time that is consistent with the Court's

5   Scheduling Order.

6          **6.2**    Meet and Confer.  The Challenging Party shall initiate the dispute

7   resolution process under Local Rule 37-1 *et seq*.

8          **6.3**    The burden of persuasion in any such challenge proceeding shall be on

9   the Designating Party.  Frivolous challenges, and those made for an improper

10  purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other

11  parties) may expose the Challenging Party to sanctions.  Unless the Designating

12  Party has waived or withdrawn the confidentiality designation, all parties shall

13  continue to afford the material in question the level of protection to which it is

14  entitled under the Producing Party's designation until the Court rules on the

15  challenge.

16  **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

17         **7.1**    Basic Principles.  A Receiving Party may use Protected Material that is

18  disclosed or produced by another Party or by a Non-Party in connection with this

19  Action only for prosecuting, defending, or attempting to settle this Action.  Such

20  Protected Material may be disclosed only to the categories of persons and under the

21  conditions described in this Order.  When the Action has been terminated, a

22  Receiving Party must comply with the provisions of section 13 below (FINAL

23  DISPOSITION).

24         Protected Material must be stored and maintained by a Receiving Party at a

25  location and in a secure manner that ensures that access is limited to the persons

26  authorized under this Order.

27         **7.2**    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

28  otherwise ordered by the court or permitted in writing by the Designating Party, a

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1                    - 7 -                    CASE NO.  2:15-CV-01321-CAS (GJSx)
                                                                 [PROPOSED] PROTECTIVE ORDER

1   Receiving Party may disclose any information or item designated

2   "CONFIDENTIAL" only to:

3          (a)     the Receiving Party's Outside Counsel of Record in this Action,

4   as well as employees of said Outside Counsel of Record to whom it is reasonably

5   necessary to disclose the information for this Action;

6          (b)     the officers, directors, and employees (including House

7   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

8   Action;

9          (c)     Experts (as defined in this Order) of the Receiving Party to

10  whom disclosure is reasonably necessary for this Action and who have signed the

11  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12         (d)     the court and its personnel;

13         (e)     court reporters and their staff;

14         (f)     professional jury or trial consultants, mock jurors, and

15  Professional Vendors to whom disclosure is reasonably necessary for this Action

16  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

17  A);

18         (g)     the author or recipient of a document containing the information

19  or a custodian or other person who otherwise possessed or knew the information;

20         (h)     during their depositions, witnesses, and attorneys for witnesses,

21  in the Action to whom disclosure is reasonably necessary provided: (1) the

22  deposing party requests that the witness sign the form attached as Exhibit A hereto;

23  and (2) they will not be permitted to keep any confidential information unless they

24  sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

25  otherwise agreed by the Designating Party or ordered by the court.  Pages of

26  transcribed deposition testimony or exhibits to depositions that reveal Protected

27  Material may be separately bound by the court reporter and may not be disclosed to

28  anyone except as permitted under this Stipulated Protective Order; and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1    (i)    any mediator or settlement officer, and their supporting

2  personnel, mutually agreed upon by any of the parties engaged in settlement

3  discussions.

4  **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

5          **PRODUCED IN OTHER LITIGATION**

6          If a Party is served with a subpoena or a court order issued in other litigation

7  that compels disclosure of any information or items designated in this Action as

8  "CONFIDENTIAL," that Party must:

9          (a)    promptly notify in writing the Designating Party. Such

10  notification shall include a copy of the subpoena or court order;

11          (b)    promptly notify in writing the party who caused the subpoena or

12  order to issue in the other litigation that some or all of the material covered by the

13  subpoena or order is subject to this Protective Order.  Such notification shall

14  include a copy of this Stipulated Protective Order; and

15          (c)    cooperate with respect to all reasonable procedures sought to be

16  pursued by the Designating Party whose Protected Material may be affected.

17          If the Designating Party timely seeks a protective order, the Party served with

18  the subpoena or court order shall not produce any information designated in this

19  action as "CONFIDENTIAL" before a determination by the court from which the

20  subpoena or order issued, unless the Party has obtained the Designating Party's

21  permission.  The Designating Party shall bear the burden and expense of seeking

22  protection in that court of its confidential material and nothing in these provisions

23  should be construed as authorizing or encouraging a Receiving Party in this Action

24  to disobey a lawful directive from another court.

25  **9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

26          **PRODUCED IN THIS LITIGATION**

27          (a)    The terms of this Order are applicable to information produced

28  by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1                - 9 -          CASE NO.  2:15-CV-01321-CAS (GJSx)
                                                    [PROPOSED] PROTECTIVE ORDER

1  information produced by Non-Parties in connection with this litigation is protected

2  by the remedies and relief provided by this Order.  Nothing in these provisions

3  should be construed as prohibiting a Non-Party from seeking additional protections.

4        (b)    In the event that a Party is required, by a valid discovery

5  request, to produce a Non-Party's confidential information in its possession, and the

6  Party is subject to an agreement with the Non-Party not to produce the Non-Party's

7  confidential information, then the Party shall:

8           (1)    promptly notify in writing the Requesting Party and the

9                 Non-Party that some or all of the information requested is

10                 subject to a confidentiality agreement with a Non-Party;

11           (2)    promptly provide the Non-Party with a copy of the

12                 Stipulated Protective Order in this Action, the relevant

13                 discovery request(s), and a reasonably specific description

14                 of the information requested; and

15           (3)    make the information requested available for inspection

16                 by the Non-Party, if requested.

17        (c)    If the Non-Party fails to seek a protective order from this court

18  within 14 days of receiving the notice and accompanying information, the

19  Receiving Party may produce the Non-Party's confidential information responsive

20  to the discovery request. If the Non-Party timely seeks a protective order, the

21  Receiving Party shall not produce any information in its possession or control that

22  is subject to the confidentiality agreement with the Non-Party before a

23  determination by the court.  Absent a court order to the contrary, the Non-Party

24  shall bear the burden and expense of seeking protection in this court of its Protected

25  Material.

26  **10.**     **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

27      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

28  Protected Material to any person or in any circumstance not authorized under this

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1         - 10 -         CASE NO.  2:15-CV-01321-CAS (GJSx)
                                                 [~~PROPOSED~~] PROTECTIVE ORDER

1  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

2  writing the Designating Party of the unauthorized disclosures, (b) use its best

3  efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

4  person or persons to whom unauthorized disclosures were made of all the terms of

5  this Order, and (d) request such person or persons to execute the "Acknowledgment

6  and Agreement to Be Bound" that is attached hereto as Exhibit A.

7  **11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

8  **PROTECTED MATERIAL**

9  When a Producing Party gives notice to Receiving Parties that certain

10  inadvertently produced material is subject to a claim of privilege or other

11  protection, the obligations of the Receiving Parties are those set forth in Federal

12  Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

13  whatever procedure may be established in an e-discovery order that provides for

14  production without prior privilege review.  Pursuant to Federal Rule of Evidence

15  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

16  of a communication or information covered by the attorney-client privilege or work

17  product protection, the parties may incorporate their agreement in the stipulated

18  protective order submitted to the court.

19  **12.    MISCELLANEOUS**

20  **12.1**  Right to Further Relief. Nothing in this Order abridges the right of any

21  person to seek its modification by the Court in the future.

22  **12.2**  Right to Assert Other Objections.  By stipulating to the entry of this

23  Protective Order no Party waives any right it otherwise would have to object to

24  disclosing or producing any information or item on any ground not addressed in

25  this Stipulated Protective Order.  Similarly, no Party waives any right to object on

26  any ground to use in evidence of any of the material covered by this Protective

27  Order.

28  **12.3**  Filing Protected Material.  A Party that seeks to file under seal any

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1                          - 11 -                    CASE NO.  2:15-CV-01321-CAS (GJSx)
                                                                         [PROPOSED] PROTECTIVE ORDER

1   Protected Material must comply with Civil Local Rule 79-5.  Protected Material

2   may only be filed under seal pursuant to a court order authorizing the sealing of the

3   specific Protected Material at issue.  However, only the portions of documents,

4   including briefs, exhibits, or any other moving or opposing papers that contain

5   Protected Material need to be filed under seal.  If a Party's request to file Protected

6   Material under seal is denied by the court, then the Receiving Party may file the

7   information in the public record unless otherwise instructed by the court.

8   **13.**   **FINAL DISPOSITION**

9        After the final disposition of this Action, as defined in paragraph 4, within 60

10  days of a written request by the Designating Party, each Receiving Party must

11  return all Protected Material to the Producing Party or destroy such material.  As

12  used in this subdivision, "all Protected Material" includes all copies, abstracts,

13  compilations, summaries, and any other format reproducing or capturing any of the

14  Protected Material.  Whether the Protected Material is returned or destroyed, the

15  Receiving Party must submit a written certification to the Producing Party (and, if

16  not the same person or entity, to the Designating Party) by the 60 day deadline that

17  (1) identifies (by category, where appropriate) all the Protected Material that was

18  returned or destroyed and (2) affirms that the Receiving Party has not retained any

19  copies, abstracts, compilations, summaries or any other format reproducing or

20  capturing any of the Protected Material.  Notwithstanding this provision, Counsel

21  are entitled to retain an archival copy of all pleadings, motion papers, trial,

22  deposition, and hearing transcripts, legal memoranda, correspondence, deposition

23  and trial exhibits, expert reports, attorney work product, and consultant and expert

24  work product, even if such materials contain Protected Material.  Any such archival

25  copies that contain or constitute Protected Material remain subject to this Protective

26  Order as set forth in Section 4 (DURATION).

27  **14.**   **PUNISHMENT FOR VIOLATION OF THIS ORDER**

28       Any violation of this Order may be punished by any and all appropriate

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1             - 12 -            CASE NO.  2:15-CV-01321-CAS (GJSX)
                                                   [PROPOSED] PROTECTIVE ORDER

1   measures including, without limitation, contempt proceedings and/or monetary

2   sanctions.

3        **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

4

5   Dated:  September 29, 2015

6

7                                         Hon. Gail J. Standish
                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1                    - 13 -              CASE NO.  2:15-CV-01321-CAS (GJSx)
                                                            [PROPOSED] PROTECTIVE ORDER

1

2

## EXHIBIT A

3

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

4

I, _____ [print or type full name], of

5

_____ [print or type full address], declare under

6

penalty of perjury that I have read in its entirety and understand the Stipulated

7

Protective Order that was issued by the United States District Court for the Central

8

District of California on _____ [date] in the case of *John Lare v. City of*

9

*Alhambra, et al.*, United States District Court-Central District Case No. 2:15-cv-

10

01321-CAS-RZ .  I agree to comply with and to be bound by all the terms of this

11

Stipulated Protective Order and I understand and acknowledge that failure to so

12

comply could expose me to sanctions and punishment in the nature of contempt.  I

13

solemnly promise that I will not disclose in any manner any information or item

14

that is subject to this Stipulated Protective Order to any person or entity except in

15

strict compliance with the provisions of this Order.

16

I further agree to submit to the jurisdiction of the United States District Court

17

for the Central District of California for the purpose of enforcing the terms of this

18

Stipulated Protective Order, even if such enforcement proceedings occur after

19

termination of this action. I hereby appoint _____ [print or

20

type full name] of _____ [print or type full address and

21

telephone number] as my California agent for service of process in connection with

22

this action or any proceedings related to enforcement of this Stipulated Protective

23

Order.

24

Date: _____

25

City and State where sworn and signed: _____

26

Printed name: _____

27

Signature: _____

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5853-3670 v1

- 14 -

CASE NO.  2:15-CV-01321-CAS (GJSx)
[PROPOSED] PROTECTIVE ORDER